**\*\*E-filed 3/28/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PRAVIN JAIN, et al.,

        Plaintiffs,

v.

WIPRO, INC.,

        Defendant.

No. C 09-2743 RS

**ORDER RE ADMINISTRATIVE MOTION**

Plaintiffs have filed an administrative motion (Dkt. No. 73) seeking leave "to provisionally lodge under seal" exhibits to the Declaration of Daniel J. Walker, numbers 6, 7, 14, 15, 20, 40, and 43. Civil Local Rule 79-5 and General Order 62, to which plaintiffs have previously been directed, do not require or permit documents to be filed or lodged under seal "provisionally." Where a party seeks to file a document that another party has designated as confidential, the submitting party must file an administrative motion to permit the document to be filed under seal. Rule 79-5 (d).

Generally, administrative sealing motions, with proposed orders thereon, are to be e-filed, unsealed. General Order 62 (2). Declarations in support of sealing motions, establishing cause for filing under seal, are to be e-filed and may be filed under seal. *Id.* The documents sought to be sealed are *not* filed with a sealing motion, but are manually served on other parties (General Order 62 (2)) and are lodged with the Court no later than noon the following business day as part of the Chambers' Copy of the entire administrative sealing motion. General Order (62(3)). If the sealing

motion is ultimately granted, the submitting party *then* files the documents under seal. General Order (62(5)). At no point in this process is it ever necessary to file the documents under seal "provisionally," nor is it necessary to obtain an order that the chambers copies be lodged "under seal," provisionally or otherwise. Chambers copies are not publicly disclosed.

Where, as here, the submitting party is not the party claiming confidentiality rights in the documents, it need not support the sealing motion with declarations, nor submit a proposed order, and instead should simply note in the motion that the documents have been designated as confidential by another party. Under Rule 79-5(d), the party claiming confidentiality in the documents then must within 7 days e-file a declaration (under seal, if needed) establishing that the designated information is sealable and must submit narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.

Accordingly, while plaintiffs' motion seeking leave to submit the documents under seal "provisionally" misapprehends the procedures, it will be deemed as a motion to seal the identified exhibits, brought on grounds that defendant designated those documents as confidential. Accordingly, within 7 days of the date of this order, defendant must submit a declaration and proposed order for sealing of those exhibits in whole or in part, or must withdraw the confidentiality designations.

IT IS SO ORDERED.

Dated: 3/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2