*E-FILED 09-06-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAVIN JAIN, RANDY HOTHAUS, DILIP KUKREJA, MARK WARNER and DOUGLAS TANNER,<br><br>Plaintiffs,<br><br>v.<br><br>WIPRO, INC.,<br><br>Defendant. | No. C09-02743 RS<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART WIPRO'S MOTION TO SEAL DOCUMENTS; AND (2) GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH SUBPOENAS OR FOR PROTECTIVE ORDER**<br><br>[Re:  Docket Nos. 36, 39, 44] |

Several nonparty law firms and their attorneys moved to quash subpoenas served by defendant Wipro, Inc. (Wipro).  In sum, the subpoenaed firms and attorneys were, at various points during the litigation, all counsel of record in an underlying state court lawsuit between Ashwin Kedia (not a party to the instant action) and plaintiff Pravin Jain and Wipro.  Jain also moved to quash, or alternatively for a protective order, re a subpoena Wipro served on Kedia.  Wipro opposed the motions.  Wipro also requested sealing as to several exhibits appended to the Ioannou Declaration.  This court has considered the moving and responding papers, as well as the arguments of counsel, and issues this order to memorialize the oral rulings made at the motion hearing.

Wipro's motion to seal is granted as to Exhibits 1 and 5.  With respect to Exhibits 2-4, 6 and 9, it was agreed at the hearing that KVN would review those documents and notify the

1 court within 48 hours if KVN believed sealing was required. The court having received no such
2 notice from KVN, the motion to seal those exhibits is denied. The motion to seal is also denied
3 as to Exhibit 7, the parties having indicated that they have no objection to the public filing of
4 that document.

5 The motion to quash, or alternatively, for protective order as to the subpoena served on
6 Kedia is granted in part and denied in part. Jain and his counsel acknowledged that they have
7 no standing to quash the Kedia subpoena, particularly when this court was told that Kedia
8 agreed to cooperate with the discovery requested by Wipro. Nevertheless, as a participant in
9 the underlying mediation in the state court case, Jain has standing to assert objections based on
10 the mediation privilege. And, the parties agree that conversations that occurred in the mediation
11 context are privileged. Accordingly, the court will not preclude Kedia's deposition. However,
12 mediation-related communications are off-limits.

13 The motions to quash are granted as to all the other subpoenas at issue. The discovery
14 sought is neither relevant nor reasonably calculated to lead to the discovery of admissible
15 evidence. FED. R. CIV. P. 26(b)(1). Even if the discovery sought were relevant, the court finds
16 that its likely benefit is outweighed by the burden and expense that would be imposed. FED. R.
17 CIV. P. 26(b)(2)(C)(iii). Moreover, the subpoenas, on their face, appear to seek information that
18 is protected by the attorney-client privilege or the attorney work product doctrine.

19 Even so, KVN's request for reimbursement of its attorney's fees incurred in connection
20 with this discovery dispute is denied. On the record presented, the court finds that an award of
21 fees is not warranted.

22 SO ORDERED.

23 Dated: September 6, 2011

25 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-02743-RS Notice has been electronically mailed to:

Daniel J Walker     dwalker@susmangodfrey.com, canderson@susmangodfrey.com

Daniel Paul McKinnon     dmckinnon@rmkb.com, ghuerta@rmkb.com, knguyen@rmkb.com

Jon Mark Thacker     jthacker@rmkb.com, bsafadi@ropers.com, dbautista@rmkb.com, knguyen@rmkb.com

Michael J. Ioannou     mioannou@rmkb.com, dmckinnon@rmkb.com, jlove-forensich@rmkb.com, kmatulewicz@rmkb.com, knguyen@rmkb.com, landara@rmkb.com, lverrier@rmkb.com, mmcpherson@rmkb.com, nbatchelder@rmkb.com, svillaflor@rmkb.com

Stephen Edward Morrissey     smorrissey@susmangodfrey.com, eball@susmangodfrey.com, hwhite@susmangodfrey.com, jdolan@susmangodfrey.com

Susan J. Harriman     SHarriman@kvn.com, efiling@kvn.com, jsmith@kvn.com, ndao@kvn.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.